# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

MARK FISH,                          )
                                    )
                Petitioner,    )
                                    )
vs.                                 )  Case No. 1:13-cv-1831-LJM-DKL
                                    )
WENDY KNIGHT,                       )
                                    )
                Respondent.    )

## Entry Denying Petition for Writ of Habeas Corpus

The petition of Mark Fish for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 13-08-0089. For the reasons explained in this entry, Fish's habeas petition must be **denied**.

## A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On August 6, 2013, Correctional Officer R. Foust wrote a Report of Conduct in case CIC 13-08-0089 charging Fish with unauthorized possession/theft. The conduct report states:

> On 8-6-2013 I Officer R. Foust was doing a routine shakedown in Cell 30-4B. I [Officer] R. Foust found 55 guitar picks that were taken from the recreation department. I called the recreation department they said he (Offender Mark Fish 964381 30B-4B) was not to take any picks from recreation. Offender Mark Fish did tell this Officer that he took the picks from recreation.

[Filing no. 13-1].

On August 9, 2013, Fish was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate and requested to call witness LeBlanc. Fish did not request any physical evidence.

The hearing officer conducted a disciplinary hearing in case CIC 13-08-0089 on August 15, 2013, and found Fish guilty of the charge of unauthorized possession. In making this determination, the hearing officer considered the staff reports, the offender's statement, and physical evidence. The hearing officer imposed the following sanctions: a written reprimand, a thirty-day loss of phone/commissary privileges, and a fifteen-day loss of earned credit time. These sanctions were imposed because of the nature of the offense. [Filing no. 13-4].

Fish appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

## C. Analysis

Fish is not entitled to habeas relief because he was afforded due process. He only asserts the following claims: 1) he was denied evidence; and 2) the Adult Disciplinary Procedure (ADP) was violated.

First, Fish argues that he was denied evidence. He alleges that he was denied a witness statement from Recreation Director Don LeBlanc. Due process requires that a prisoner be allowed to call witnesses and present documentary evidence. *Wolff*, 418 U.S. at 539. Fish requested that LeBlanc appear as a witness at the hearing and wrote the question "Leblanc – 'Did you give me picks to give guitar lessons with/talent show?'' on the Screening Report. This request was denied because LeBlanc no longer works for Correctional Industrial Facility. [Filing no. 13-2]. However, at the hearing, witness Caldwell, who the State asserts is a staff member, (dkt. 13), gave the following testimony:

> Offender Fish has fixed all rec/chapel guitars since 2005 (9 years), he also gave free guitar lessons to offenders, and helped set-up both talent shows @ C.I.F. Offender Fish was given guitar pics for these services to provide guitar players with pics to learn guitar and use for music programs, praise team, Rec, C.I.F. band, etc. . . .

[Filing no. 13-3].

Thus, while LeBlanc did not appear as a witness to explain the presence of guitar picks in Fish's possession, witness Caldwell instead provided a written statement that explained why Fish had guitar picks in his possession. As such, Fish was not denied evidence.

Second, to the extent Fish argues that it was a violation of the ADP to deny him the right to call a witness or present documentary evidence in his defense at the hearing, this claim also fails. Alleged violations of state policies are not cognizable claims. *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997).

Fish's also asserts it was error for the hearing officer not to consider his conduct history and the nature of the offense before imposing severe sanctions, and cites the ADP as support. [Filing no. 1, at ECF p. 3]. However, again, violations of the ADP are not cognizable.

Finally, the return to order to show cause in this matter was due on April 11, 2014, pursuant to the respondent's third request for an extension of time. The respondent filed this return seven days late and requested only in a footnote that this Court file it instanter on April 18, 2014. This Court accepts the return as timely filed as of April 18, 2014.

## D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Fish's petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _____

Distribution:

Mark Fish, # 964381
Pendleton Correctional Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, In  46064

Electronically registered counsel